SCHWANBECK BROS. *v.* A. BACKUS, JR., & SONS.

1. INJUNCTION—INJURY TO BUSINESS—EVIDENCE—SUFFICIENCY.
   On a bill to enjoin defendants from ascertaining to whom complainant is shipping goods and threatening them with litigation if they use goods manufactured by complainant, evidence examined, and *held*, to support a decree for complainant.

2. SAME—EQUITY—JURISDICTION.
   Equity will take cognizance of a bill to restrain defendants from acquiring information as to who are complainant's customers and injuring complainant's business by threatening them with litigation if they purchase or use goods manufactured by complainant.

Appeal from Wayne; Mandell, J. Submitted April 17, 1907. (Docket No. 75.) Decided May 18, 1907.

Bill by Schwanbeck Bros. against A. Backus, Jr., & Sons and others to enjoin an interference with complainant's business. From a decree for complainant, defendants appeal. Affirmed.

*James Swan,* for complainant.

*Washington I. Robinson,* for defendants.

MOORE, J. The bill of complaint filed in this cause alleges that A. Backus, Jr., & Sons, a Michigan corporation, one of the defendants, is one of its competitors in business; that Edgar S. Wheeler and B. F. Wheeler, doing business as E. S. Wheeler & Co., are the patent attorneys of A. Backus, Jr., & Sons, and also Sarah E. Backus, doing business as S. E. Backus, and Henry M. Backus, Newton Backus, Edwin F. Hulbert, and Joe Henze, the other defendants, are individuals; and that all of the defendants are confederating and co-operating together to injure the business of the complainant.

The bill of complaint states in detail the methods used to obtain information as to the business done by the complainants, and who their customers are, and then avers:

"That after acquiring information so obtained, S. E. Backus, one of the defendants, confederating with A. Backus, Jr., & Sons, another defendant, had annoyed and harassed the customers of this complainant by mailing to them certain circulars containing a cut of a box purporting to be the box manufactured by the defendant A. Backus, Jr., & Sons, and claiming that certain manufacturers had placed upon the market boxes and packages in imitation of goods manufactured under patents held by her. That the said circulars did not represent the style of the box manufactured by A. Backus, Jr., & Sons under her patent, but was a good sketch of the box manufactured by the complainant. That it was intentionally made so for the purpose of deceiving the public, and more particularly the customers of complainant, and intimidating them to prevent them from purchasing the box manufactured by the complainant. The said circulars were sent by registered letter to the customers of complainant

who had ordered from it, sometimes within a day or two after shipments were made, and sometimes before the orders had been filled in the factory of complainant. That the defendant E. S. Wheeler had sent threatening letters to the customers of complainant threatening them with suit for infringement of patent. That the said letters were purposely worded to deceive the persons receiving same by stating that the packages complained against 'had metal strands crossing outer face of the packages.' That the boxes manufactured by the complainant are woven with flat strands of metal one-half inch wide. That the box manufactured by the defendant A. Backus, Jr., & Sons is woven with wire one-eighth of an inch in diameter. That S. E. Backus had no patent on any package calling for 'metal strands crossing the outer face of the package.' That the patent under which it (A. Backus, Jr., & Sons) was operating was a patent owned by S. E. Backus and called for the use of 'stay wires extending from the outer slats across the outer face only of one fabric and binding wires uniting the slats to the stay wires.' That upon information so perniciously acquired, the said A. Backus, Jr., & Sons came into unfair and immoral competition with complainant and caused it great annoyance and pecuniary loss. That also upon the information so acquired, Henry Backus, Newton Backus, and Edwin F. Hulbert, being agents and officers of A. Backus, Jr., & Sons, had personally called upon customers of complainant and verbally threatened them with prosecution and litigation if they should handle or sell any of the goods manufactured by the complainant."

The bill of complaint also avers complainant is not now infringing, nor ever has infringed, upon any patent owned by S. E. Backus or any other person, that it has invited her to start suit in the proper tribunal where such questions are litigated, and that the said Sarah E. Backus willfully refrains from doing so. The bill prays for an injunction.

The defendants answered, denying many of the averments of the bill, and allege the other acts done by defendants were proper acts for them to do.

The case was heard before a circuit judge. He filed a written opinion, reading, in part, as follows:

"It is not disputed that some of the defendants sent to various persons throughout the United States, customers of complainants, circulars and letters informing them that certain boxes put upon the market were infringements of patents owned by the defendant's company. The fact that such a large number of these circulars and letters were sent so soon after shipments of complainants, and the fact that defendants were keeping track of complainant's customers, convinces me that the officers of defendant corporation, in sending the circulars and securing the sending of the letters referred to in the bill of complaint, referred in them particularly to the goods of the complainants. As the probable effect of injury to complainant's business followed, it is but fair to presume this effect was intended. These acts or conduct is, in my opinion, unlawful. It is defended on the ground that complainants are not entitled to relief, as they do not come into court with clean hands, as it is claimed they imitated, in many ways, the goods sold by the defendant corporation, and a large number of cases are cited by the defendant to sustain the claim that this is unlawful; but these cases refer only to cases where there was fraud in the attempt to palm off one's goods as the goods manufactured by another, or in deceiving the public as to the goods offered for sale, by imitation, in cases where from the long use of a trade-mark or some special device one has obtained a property right in such trade-mark or special device. But such is not the case here. Having no jurisdiction to do so, I do not pass upon the question as to whether complainant's package is infringing upon the defendant's patent, any more than to find it is not obviously so. It follows, therefore, complainants are entitled to the relief sought in the bill of complaint. An injunction will issue accordingly."

He also made a decree reading, in part, as follows:

"We do therefore, in execution of the said decree, hereby firmly enjoin and command you, the defendants, A. Backus, Jr., & Sons, a Michigan corporation, Edgar S. Wheeler and Benjamin F. Wheeler, doing business as E. S. Wheeler & Co., Sarah E. Backus, doing business as S. E. Backus, Henry H. Backus, Newton Backus, Edwin F. Hulbert, and Joe Henze, to refrain and desist from employing or hiring any of your agents, officers, or servants from entering the factory of complainant or

from coming near the factory of complainant, and following the complainant's wagons; or from going to the freight depots in the city of Detroit, or elsewhere, for the purpose of ascertaining to whom this complainant is shipping its goods; and after having ascertained who are the customers of complainant, from, either yourself, or confederating with any of the other defendants herein, or any other person, for the purpose of intimidating the customers of complainant, either verbally or by sending out circulars or letters threatening them with litigation if they purchase or use the goods manufactured by complainant, in the manner shown in the circular contained in the bill of complaint, or in any other manner injurious to complainants."

The case is brought here by appeal.

The important question is one of fact. The printed record is a long one. We have examined the record with care. It would profit no one to give a detailed account of the testimony. We think it justifies the decree made. See *O. & W. Thum Co.* v. *Tloczynski*, 114 Mich. 149 (38 L. R. A. 200), and especially *Emack* v. *Kane*, 34 Fed. 46. We have examined the cases cited on the part of defendants in support of the proposition that a court of equity will not take cognizance of such a case. We do not draw the same conclusion from them as does the solicitor.

The decree is affirmed, with costs.

McALVAY, C. J., and MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.